| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| RAFAEL PARKER, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:20-CV-444 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. On April 22, 2021, the magistrate judge issued his Report and Recommendation (#34), recommending that this Court partially grant Defendant United States of America's Motion to Dismiss and deny the motion in part. On May 5, 2021, Defendant filed its objections (#38) to the Report. Plaintiff timely filed his response to the objections (#39).

In accordance with 28 U.S.C. § 636(b), the Court conducted a *de novo* review of the magistrate judge's findings, the record, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendation should be accepted in part.

Defendant presents three objections to the Report. *See Objections* (#38). First, Defendant argues that the Report incorrectly found that Plaintiff properly pled a *Bivens* claim. *Id.* at 1. Second, Defendant states the Plaintiff failed to exhaust his administrative remedies for his negligence in the disciplinary process, negligent supervision, civil conspiracy, and intentional infliction of emotion distress claims. *Id.* Finally, Defendant argues the Report incorrectly found that Plaintiff properly pled a claim for intentional infliction of emotional distress. *Id.*

The Court agrees with Defendant regarding the *Bivens* claim. Under *Bivens*, "a cause of action [exists] only against government officers in their individual capacities." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (citing *Bivens v. Six Unknown Agents of Federal Buereau of Narcotics*, 403 U.S. 388 (1971)). The only Defendant named in this suit is the United States of America. Plaintiff requests thirty days to perfect service on the individual officers. *Response*, at 5–6 (#39). The Court will grant a thirty day extension from the date of this order for Plaintiff to amend the complaint and cure his service deficiency.

Defendant's other objections are overruled. Defendant argues that at "no point during the administrative remedy process did Plaintiff hint at any allegations of negligent supervision, negligence in the disciplinary process, intentional infliction of emotional distress, or civil conspiracy claims." *Objections*, at 3 (#38). As the magistrate judge noted, a plaintiff does not need to name specific theories of liability in his administrative complaint, if the plaintiff's facts enable the government to reveal additional theories of liability during an investigation, those theories can properly be considered part of the claim. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). In this case, Plaintiff set forth specific facts which would enable the government to reveal the named theories during the course of an investigation. Defendant's objection is overruled.

Plaintiff has plausibly pled a claim for intentional infliction of emotional distress. Defendant argues that "Plaintiff has not alleged facts sufficient to establish that the alleged infliction of his emotional distress by Defendant was intentional, nor that he has no other avenue for redress." *Objections*, at 5 (#38). Defendant states that Plaintiff has asserted an assault claim and therefore there is an alternative source of remedy. *Id.* However, Plaintiff has pled facts of an alleged

assault *and* that his medical care was intentionally delayed which led to long term effects. These facts allow the Court to draw a reasonable inference that the Defendant is liable for alleged conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)

It is therefore ORDERED that the Report and Recommendation (#34) is ADOPTED in part. Accordingly, Defendant's Partial Motion to Dismiss (#23) is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's negligent medical care and medical malpractice claims are DISMISSED, with prejudice. Plaintiff is ORDERED to amend his complaint and perfect service on the additional parties within thirty days of this order. The motion to dismiss is denied as to the other causes of action pled by Plaintiff.

**Signed this date**
Jun 3, 2021

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE